UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════

JEFFREY D. KIDDER,

                    Plaintiff,

        v.                                          **DECISION AND ORDER**

                                                    21-CV-1109S

DENNIS F. HANES and
DONNA M. HANES,

                    Defendants.

═══════════════════════════════

## I.      Introduction

        In this removed diversity action, Plaintiff Jeffrey Kidder (a Colorado resident) sues the Hanes (currently residents of Iowa) (see Docket No. 1, Notice of Removal ¶¶ 4-5, 7-8) for torts that occurred to Kidder in New York and Pennsylvania (Docket No. 1, Notice of Removal, Ex. A, State Compl. at 1, or "Compl.").  Kidder seeks damages for suffering sexual abuse at the hands of Defendant Dennis Hanes ("Dennis") in the 1970s during Kidder's youth.  Kidder claims that Dennis, a pedophile and ephebophile[1], encouraged Kidder to join him on trips in Pennsylvania and New York between April 1972 and July 1974 where Dennis allegedly assaulted Kidder and injured him (Docket No. 1, Notice of Removal, Ex. A, State Compl., or "Compl.").

        New York's Child Victims Act, 2019 N.Y. Sess. Laws ch. 11, § 3, revives tort claims of juvenile sexual abuse victims, N.Y. CPLR 214-g, but (pertinent here) only claims of nonresidents that occurred in New York, S.H. v. Diocese of Brooklyn, 205 A.D.3d 180, 167 N.Y.S.3d 171 (2d Dep't 2022) (Docket No. 18, Defs. Supp'al Auth.).

─────────────────────

[1]An adult who is sexually attracted to adolescents.

Before this Court is Defendants' Motion to Dismiss or for Judgment on the Pleadings (Docket No. 10[2]) on statute of limitations grounds.  The issues here are the choice of law on limitations period, the applicability of New York statute of limitations (including the Child Victims Act) to claims that occurred in this state and in Pennsylvania, and whether claims are time barred or revived.  For the following reasons, Defendants' Motion is granted in part, denied in part, with this Court retaining certain battery claims that allegedly occurred in New York.  Plaintiff is ordered to amend the Complaint consistent with this Decision.

## II.    Background

This Court assumes the truth of the following factual allegations contained in Kidder's Complaint.  See Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740, 98 S.Ct. 1848, 48 L.Ed.2d 338 (1976).

### A.  Factual Allegations

Kidder, then a resident of Erie, Pennsylvania, alleges that his uncle Dennis Hanes abused him from 1972-74 in Pennsylvania and the Southern Tier of New York (Compl. ¶¶ 6, 29, 8, 9, 28, 39, 48).  The Complaint does not allege distinct incidents or where or when they occurred.  Instead, Kidder generally alleges that on about 150 occasions Dennis took Kidder on trips alone "in the widely uninhabited mountains of New York and Pennsylvania" (id. at page 1, ¶ 16) and assaulted Kidder, with the first incident occurring in Emporium, Pennsylvania, in April 1972 (id. ¶ 29).  Kidder claims that some incidents

---

[2]In support of their Motion to Dismiss, Defendants submit their Notice of Motion, Docket No. 10; their Memorandum of Law, Docket No. 11; their Reply Memorandum, Docket No. 16; and their Supplemental Memorandum of Recent Decision, with exhibit, S.H., supra, 2022 WL 1414607, Docket No. 18.

Plaintiff opposes with his Memorandum of Law, Docket No. 15.

later occurred in Cattaraugus County (id. ¶¶ 2, 17-18, 28), including one incident of abuse in Allegany State Park (id. ¶¶ 18-28). He does not allege, however, when these New York incidents (including the Allegany State Park assault) occurred.

Plaintiff sued Defendants in the New York Supreme Court, Cattaraugus County, on August 12, 2021 (Compl.). First Cause of Action alleges battery by Dennis in Pennsylvania and New York (id. ¶¶ 67-69). The Second Cause of Action alleges Dennis inflicted emotional distress upon Kidder (id. ¶¶ 70-73). The Third Cause of Action alleges Donna Hanes ("Donna") was negligent for failing to investigate the risk of child molestation at her home (id. ¶¶ 74-113) in Erie, Pennsylvania (id. ¶¶ 8, 10, 12, 38). Kidder claims that Donna had prior awareness of Dennis' proclivities (id. ¶¶ 54-56) and she allegedly actively encouraged Kidder to accompany Dennis in Pennsylvania and the Southern Tier of New York (id. ¶ 85) but without alleging where Donna made that encouragement. The Fourth Cause of Action alleges Donna inflicted emotional distress (id. ¶¶ 114-17).

B. Proceedings

Defendants removed this case from the New York State Supreme Court (Docket No. 1) and answered (Docket No. 4). They then moved alternatively to dismiss or for judgment on the pleadings (Docket No. 10), arguing that Kidder's claims are time barred (id.). After timely briefing (Docket Nos. 15-16, 18), the Motion was submitted without oral argument.

### III.   Discussion

A.  Applicable Standards

1.  Dismissal of Complaint

a.  Motion to Dismiss, Rule 12(b)(6)

Defendants have moved to dismiss on the grounds that the Complaint fails to state a claim for which relief can be granted (Docket No. 10).  Under Rule 12(b)(6), the Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), a Complaint must be dismissed pursuant to Rule 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46).

To survive a motion to dismiss, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level," Twombly, supra, 550 U.S. at 555; Hicks, supra, 2007 U.S. Dist. LEXIS 39163, at *5.  As reaffirmed by the Court in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009),

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Twombly, supra, 550 U.S.] at 570 . . . .  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556 . . . .  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Ibid.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'  Id., at 557 . . . (brackets omitted)."

4

Iqbal, supra, 556 U.S. at 678 (citations omitted).

A Rule 12(b)(6) motion is addressed to the face of the pleading.  The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference.  Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985).

In considering such a motion, the Court must accept as true all the well pleaded facts alleged in the Complaint.  Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985).  However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true.  New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

> b.  Motion for Judgment on Pleadings, Rule 12(c)

Defendants alternatively move for judgment on the pleadings (Docket No. 10). They answered here (Docket No. 4); hence a Motion for Judgment on Pleadings is applicable.

Under Federal Rule of Civil Procedure 12(c), "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings," Fed. R. Civ. P. 12(c).  Pleadings include the Complaint, Answer, and documents attached as exhibits thereto, L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011) (citing Roberts v. Babkiewicz, 582 F.3d 418, 419 (2d Cir. 2009) (per curiam)); Royal Ins. Co. of Am. v. Sportswear Group, LLC, 85 F. Supp. 2d 275, 278 (S.D.N.Y. 2000); see Fed. R. Civ. P. 10(c); Lively v. WAFRA Invest. Advisory Grp., Inc., 6 F.4th 293, 305 (2d Cir.

2021) (just as Rule 12(b)(6), courts may consider extrinsic material that the complaint incorporates by reference in Rule 12(c) motion).

If matters outside of these pleadings are presented and not excluded by this Court, the Motion must be converted to a Summary Judgment Motion, Fed. R. Civ. P. 12(c); Nance v. Equinox Music, No. 09CV7808, 2010 WL 4340469, at *2 (N.D. Ill. Oct. 22, 2010). The Rule 12(c) Motion may be granted only if all material issues can be resolved on the pleadings; if there remains an issue of fact, however, the Motion needs to be denied and the case can be resolved either on Motion for Summary Judgment or at trial, 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1368, at 248, 251 (Civil 3d ed. 2004). Defendants have not added in their Motion materials beyond the pleadings.

The standards for Rule 12(c) are identical to those under Rule 12(b)(6), 5C Federal Practice and Procedure, supra, § 1368, at 238, 242; Lively, supra, 6 F.4th at 301. For example, like a Motion to Dismiss under Rule 12(b)(6), for judgment on pleadings all well pleaded allegations in the Complaint are assumed to be true and Defendants' "contravening assertions in the movant's pleadings are taken to be false," 5C Federal Practice and Procedure, supra, § 1368, at 230. The factual allegations in the Complaint are accepted as true and all reasonable inferences are drawn in Plaintiff's favor, e.g., L-7 Designs, supra, 647 F.3d at 429; Bloor, supra, 754 F.2d 57. Like a Rule 12(b)(6) Motion, a Rule 12(c) Motion is addressed to the face of the pleadings, see Lively, supra, 6 F.4th at 301.

However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true, see Ortiz v. Wagstaff, No. 17CV321, 2017 WL 11237274, at *6

(W.D.N.Y. Dec. 13, 2017) (Scott, Mag. J.) (Report & Rec.), <u>adopted</u>, 2019 WL 1236336, at *6 (W.D.N.Y. Mar. 18, 2019) (Wolford, J.).

Like Rule 12(b)(6), under Rule 12(c) the Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley</u>, <u>supra</u>, 355 U.S. at 45-46. A Complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face," <u>Twombly</u>, <u>supra</u>, 550 U.S. at 570 (Rule 12(b)(6)); <u>Graziano v. Pataki</u>, 689 F.3d 110, 114 (2d Cir. 2012) (Rule 12(c)).

Since Defendants submitted no additional factual materials with this Motion beyond the pleadings, they moved after answering, and the similar standards for a Rule 12(c) and 12(b)(6) Motion, Defendants' Motion will be considered as a Motion for Judgment on the Pleadings.

## 2. Applicable Statutes of Limitations

As observed by one federal court applying New York law,

"A complaint may be dismissed as untimely under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's factual allegations demonstrate that relief would be barred by the applicable statute of limitations. <u>Ines Figueroa v. Ponce De Leon Fed. Bank</u>, No. 11–cv–7633, 2012 WL 3264552, at *1 (S.D.N.Y. Aug. 10, 2012) (citing <u>Jones v. Bock</u>, 549 U.S. 199, 214–15, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)). In diversity cases, a federal court located in New York will generally apply the choice-of-law rules and statute of limitations of the law of the forum state, not the law of the state in which the action accrued. <u>Morson v. Kreindler & Kreindler, LLP</u>, 814 F. Supp. 2d 220, 225 (E.D.N.Y.2011); <u>Stuart v. Am. Cyanamid Co.</u>, 158 F.3d 622, 626–27 (2d Cir. 1998). The general rule, however, is subject to a statutory exception: New York's 'borrowing statute,' or C.P.L.R. § 202 ('Section 202'). <u>Stuart</u>, 158 F.3d at 627; N.Y. C.P.L.R. § 202.

"Pursuant to Section 202, where a plaintiff, not a resident of New York, sues upon a cause of action that arose outside of New York, a district court must apply the <u>shorter</u> limitations period of either: 1) New York; or 2)

the state where the cause of action 'accrued.'  See Stuart, 158 F.3d at 627;
N.Y. C.P.L.R. § 202."

SOCAR (Societe Cameroonaise d'Assurance et de Reassurance) v. Boeing Co., 144 F.
Supp. 3d 391, 395 (E.D.N.Y. 2015) (emphasis in original).

Kidder alleges injuries occurring in New York and Pennsylvania in the 1970s.
Thus, to determine the timeliness of Kidder's claims the limitations periods from both
states needs consideration.  Claims herein are considered based upon their location, New
York or Pennsylvania.

Under New York statutes of limitations, his personal injury suffered in this state is
governed by N.Y. CPLR Article 2.  Without considering the age of Kidder when attacked,
his personal injury claims normally have a three-year limitations period, CPLR 214(5).

Kidder sues (in part) pursuant to CPLR 208 (Docket No. 1, Compl. ¶ 4), the infancy
toll.  As amended in 2019 by the Child Victims Act, a former infant's civil action under this
section may be commenced against a sex abuser on or before the victim turns 55 years
old, CPLR 208(b).

The Child Victims Act, CPLR 214-g, cited by Kidder (id.), revives certain sex
offenses claims committed against a child for a two-and-a-half-year window from
February 14, 2019, regardless of the litigant's age, LG 67 Doe v. Resurrection Lutheran
Church, 75 Misc. 3d 327, 330, 164 N.Y.S.3d 803, 805 (Sup. Ct. Erie Cnty. 2022).  The
purpose of the Child Victims Act "is to provide New York survivors of child sexual abuse
an avenue to seek justice for the abuse they suffered by extending New York's restrictive
statutes of limitations, recognizing the justifiable delay often associated with coming to
terms with and reporting such abuse," S.H., supra, 205 A.D.3d at 194, 167 N.Y.S.3d at
182.

For a cause of action that accrued outside of New York, such as Kidder's Pennsylvania torts, CPLR 202 bars commencing that action "after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state," CPLR 202; see Global Fin. Corp. v. Triarc Corp., 93 N.Y.2d 525, 528, 693 N.Y.S.2d 479, 480 (1999) ("When a nonresident sues on a cause of action accruing outside New York, CPLR 202 requires the cause of action to be timely under the limitation[s] periods of both New York and the jurisdiction where the cause of action accrued") (footnote, quoting text of CPLR 202 excluded); S.H., supra, 205 A.D.3d at 190, 167 N.Y.S3d at 179.  This section is a borrowing statute designed "to apply when a foreign cause of action is sued on; it determines whether the foreign or local statute of limitations applies," David D. Siegel, New York Practice 82 (5th ed. 2011).  The two purposes of this borrowing statute are for a resident defendant to have the shorter of the potential statutes of limitations and to provide a forum for the nonresident plaintiff, Appel v. Kidder, Peabody & Co., 628 F. Supp. 153, 155 (S.D.N.Y. 1986).  This section also is to prevent "nonresidents from shopping in New York for a favorable Statute of Limitations," Global Fin. Corp., supra, 93 N.Y.2d at 528, 693 N.Y.S.2d at 481 (citation omitted).

General common law choice-of-law tenets (including repugnance to public policy) are inapplicable to CPLR 202, see Kleiman v. Kings Point Capital Mgmt., LLC, No. CV 18-4172 (SJF) (AKT),  2020 WL 7249441, at *9 (E.D.N.Y. Sept. 30, 2020) (Tomlinson, Mag. J.).  CPLR 202 governs the choice of law analysis for statutes of limitations, Kravitz v. Binda, No. 17CV7461 (ALC) (SN), 2020 WL 927534, at *14 (S.D.N.Y. Jan. 21, 2020) (Netburn, Mag. J.).

As observed by the Court of Appeals in <u>Global Financial</u>, "at the threshold, however, there is a significant difference between a choice-of-law question, which is a matter of common law, and this Statute of Limitations issue, which is governed by particular terms of the CPLR," 93 N.Y.2d at 528, 693 N.Y.S.2d at 481.  Further, "In using the word 'accrued' in CPLR 202 there is no indication that the Legislature intended the term 'to mean anything other than the generally accepted construction applied throughout CPLR Article 2—the time when, and the place where, the plaintiff first had the right to bring the cause of action' (1 Weinstein–Korn–Miller, N.Y. Civ. Prac. ¶ 202.04, at 2–61)," <u>id.</u> at 528, 693 N.Y.S.2d at 481.  The Court of Appeals found that CPLR 202 (originating in 1902) predated common law choice of law analysis for torts or contract claims, concluding that choice of law analyses "are inapplicable to the question of statutory construction presented by CPLR 202," <u>id.</u> at 529, 693 N.Y.S.2d at 481 (citing 1 Weinstein-Korn-Miller, N.Y. Civ. Prac. ¶ 202.04, at 2-61).

For Kidder's Pennsylvania injuries, Pennsylvania law has a two-year statute of limitations for assault, battery, negligence, intentional conduct, and personal injury, 42 Pa. Stat. and Cons. Stat. Ann. § 5524(1), (2) (2014); <u>see</u> <u>Baselice v. Franciscan Friars Assumption BVM Province, Inc.</u>, 879 A.2d 270, 275 (Pa. Super. Ct. 2005) (intentional infliction of emotional distress from youth sexual contact, holding 10-year-old claims were time barred); <u>Alatrisa v. Diamond Club</u>, 267 A.2d 1257, 1259 & n.3 (Pa. Super. Ct. 2021). Pennsylvania courts construe their statute of limitations "as commencing to run from the time plaintiff discovered or should reasonably have discovered the cause of harm or injury," <u>Acker v. Palena</u>, 260 Pa. Super. Ct. 214, 219, 393 A.2d 1230, 1232 (1978).  The Pennsylvania Legislature enacted infant tolling provisions that extend to a juvenile victim

until he or she turns 55 years old to sue.  Pennsylvania has not enacted a revival statute for infant abuse victims like New York's Child Victims Act.

    B.  Timeliness of Kidder's Claims

        1.  Parties' Contentions

Defendants contend that Kidder alleges continuous activities in both Pennsylvania and New York, hence under the CPLR 202 borrowing statute Pennsylvania statute of limitations applies barring all of Kidder's claims from the initial tort in Pennsylvania (Docket No. 11, Defs. Memo.).  They argue that Pennsylvania's infant tolling provisions are not applicable to Kidder (who sued at the age of 62), 42 Pa. Stat. and Cons. Stat. Ann. § 5533(b)(2)(i) (2019) (id. at 8).  Even if New York statute of limitations applies, the revival of the infant toll under CPLR 208 does not apply here since Kidder was older than 55 years old when he sued (id. at 4; see Docket No. 1, Compl. ¶ 6).

Kidder argues that he was abused in New York and that each battery incident was separate creating a new cause of action (Docket No. 15, Pl. Memo. at 6-7, 9-10).  Thus, he concludes that the New York incidents (which occurred sometime after the initial Emporium, Pennsylvania, incident) are distinct from the out of state incidents and suit for them are not barred by CPLR 202 (id. at 6-7).

He next argues that application here of Pennsylvania's two-year limitations period (absent revival or tolling) would be repugnant to public policy.  Under New York choice of law rules, Kidder urges this Court to not apply Pennsylvania law to bar his claims (id. at 16-18).

Defendants reply that Kidder seeks to recover for alleged abuse in Pennsylvania and New York in the 1970s that are all time barred under Pennsylvania law (Docket

No. 16, Defs. Reply Memo. at 2-5, 5-7).  They reiterate that the New York Child Victims Act applies only to claims arising in New York (id. at 8-9).  They supplement their arguments with S.H., in which the Second Department held that the Child Victims Act does not apply extraterritorially where the plaintiff is a nonresident and the alleged acts occurred outside of New York (Docket No. 18, Defs. Supp'al Memo. at 1, Ex. A), S.H., supra, 205 A.D.3d 180, 167 N.Y.S.3d 171.

## 2.   CPLR 202 and Kidder's Pennsylvania Claims

The first issue is the effect of Kidder's Pennsylvania tort claims on the timeliness of this action.  This involves the application of CPLR 202 upon nonresident Kidder's out of state claims.  There are no New York residents in this case and only one incident is expressly alleged to have occurred in this state (with general references to transit into and out of the state and other, unspecified incidents occurring in New York).  In the 1970s Kidder resided in Pennsylvania (Compl. ¶¶ 6, 29) and was taken into New York by Dennis (id. ¶¶ 9, 17-18, 28).  Thus CPLR 202 applies to the out of state torts.

The New York State legislature enacted CPLR 202 to dictate the applicable jurisdiction's statute of limitations.  This is not a choice of law question, Global Fin. Corp., supra, 93 N.Y.2d at 528-29, 693 N.Y.S.2d at 480-81, including public policy concerns in selecting the applicable law.  Rather, it is a matter of statutory construction of Article 2 of the CPLR.  Application of CPLR 202 to bar an untimely claim under a foreign statute of limitations thus is not repugnant to public policy, id. at 528, 693 N.Y.S.2d at 481.

Considering first Kidder's Pennsylvania claims, the Second Department held in S.H. that New York Child Victims Act lacks extraterritorial effect, S.H., supra, 205 A.D.3d 180, 167 N.Y.S.3d 171.  That court held that CPLR 214-g is not available to nonresident

plaintiffs (like Kidder) where "the alleged acts of abuse occurred outside of New York and CPLR 214-g does not preclude the application of CPLR 202 in determining the appropriate limitations period for a cause of action that accrued outside the State," S.H., supra, 205 A.D.3d at 182, 167 N.Y.S.3d at 173. The court held that the introductory provision of CPLR 214-g did not preclude application of CPLR 202, S.H., supra, 205 A.D.3d at 191-94, 167 N.Y.S.3d at 180-82.

In S.H., plaintiff S.H. was a Florida resident who sued the Brooklyn Diocese who ordained and later transferred a priest who allegedly abused S.H. in Orlando, id. at 182-83, 191, 167 N.Y.S.3d at 173-74, 180. After holding that CPLR 214-g does not apply extraterritorially, id. at 187-90, 167 N.Y.S.3d at 177-79, the Second Department held that S.H.'s injuries all occurred in Florida and (applying CPLR 202) under Florida law S.H.'s claims were time barred, id. at 191, 167 N.Y.S.3d at 180.

Thus, a tort committed here against a nonresident juvenile in Pennsylvania by a non-New Yorker when  later sued in New York would not be subject to New York's statute of limitations and its revival under Child Victims Act. The borrowing statute of CPLR 202 here restricts Kidder to the shorter of Pennsylvania statute of limitations and not New York law for his Pennsylvania claims.

> a. Kidder's First Cause of Action for Battery Claims in Pennsylvania Thus Is Untimely

This Court agrees with Kidder that each assault incident was a separate cause of action, thus distinguishing the Pennsylvania incidents from his New York incidents (Docket No. 15, Pl. Memo. at 6-7, citing cases), see Lettis v. U.S. Postal Serv., 39 F. Supp. 2d 181, 204 (E.D.N.Y. 1998); Abdullajeva v. Club Quarters, Inc., No. 96 CIV. 0383, 1996 WL 497029, at *7 (S.D.N.Y. Sept. 3, 1996). Under CPLR 202, the incidents that

occurred in Pennsylvania are governed by Pennsylvania statute of limitations (two years without infant tolling applicable here), thus are now untimely and cannot be commenced in this state (or in this Court) under CPLR 202.

Kidder's New York assault claims are not governed by CPLR 202 since they did not arise outside of the state.

Therefore, Defendants' Motion for Judgment on the Pleadings (Docket No. 10) to dismiss Kidder's First Cause of Action allegations of battery committed in Pennsylvania is granted.

                **b.**    **Kidder's Third Cause of Action Occurred Entirely in Pennsylvania and Is Untimely**

Kidder also alleges in his Third Cause of Action Donna's negligence in failing to investigate the risk of child molestation in Erie, Pennsylvania (Compl. ¶¶ 74-113).  He, however, does not allege that Donna did anything in New York.  This Cause of Action apparently occurred entirely in Pennsylvania.  Kidder's only allegation of Donna having any role in New York was her encouraging Kidder to accompany Dennis there (Compl. ¶ 85) without alleging where she made that encouragement.   If that encouragement occurred in the Hanes home, that was in Erie, Pennsylvania (see id. ¶¶ 12, 38).  The remaining allegations against her occurred in Pennsylvania.

CPLR 202 applies here and Pennsylvania's two-year limitations period for her alleged negligence (without pertinent infant toll or claim revival) also bars the Third Cause of Action.  Therefore, Defendants' Motion for Judgment on the Pleadings (Docket No. 10) dismissing the Third Cause of Action is granted as time barred.

c.  Kidder's Second and Fourth Causes of Action for Intentional Infliction of Emotional Distress Are Untimely

Kidder cites (Docket No. 15, Pl. Memo. at 6) a case which held that intentional infliction of emotional distress (as he alleges here in the Second and Fourth Causes of Action) can be a continuous tort, Canosa v. Ziff, No. 18 CIV. 4115 (PAE), 2019 WL 498865, at *8 (S.D.N.Y. Jan. 28, 2019).  In Canosa, Alexandra Canosa sued Harvey Weinstein (among others) for sexual assaults allegedly perpetrated by Weinstein in various locations including in New York, id. at *2-3.  The district court in Southern District of New York recognized there that some torts are continuous conduct (such as intentional infliction of distress) from the initial incident and other torts (such as assault and battery) are not, id. at *8.

Kidder's Second and Fourth Causes of Action involving infliction of emotional distress are deemed continuous conduct also governed by CPLR 202, see Doe v. Roman Catholic Diocese of Erie, Pennsylvania, No. 3:20-cv-0257, 2021 WL 5232742, at *2, 6-7 (N.D.N.Y. Nov. 10, 2021) (Docket No. 11, Defs. Memo. at 7).  As such from the initial incident there, id. at *6-7, Pennsylvania statute of limitations applies to these intentional infliction claims and bars them.  Defendants' Motion for Judgment on the Pleadings (Docket No. 10) dismissing the Second and Fourth Causes of Action is granted.  Including the dismissal of the Third Cause of Action, Donna Hanes is dismissed from this case.

3.  Kidder's First Cause of Action Battery Claims Arising in New York, However, Are Timely

a.    Parties' Contentions

Defendants argue that Kidder alleges continuous abuse in New York and Pennsylvania (Docket No. 11, Defs. Memo. at 7; Docket No. 16, Defs. Reply Memo. at

3), thus his claims are the same as the time barred claims in <u>Doe v. Roman Catholic</u> <u>Diocese of Erie, Pennsylvania</u>, <u>supra</u>, 2021 WL 5232742, at *2 (Docket No. 11, Defs. Memo. at 7).  In that case, John Doe accuses William Garvey of perpetrating a series of abuses upon John Doe in Erie, Pennsylvania, and in New York when Garvey was there, <u>id.</u>  Defendant Sisters of Mercy of the Americas New York moved to dismiss and John Doe cross moved for leave to amend the Complaint to reassert causes of action alleging negligence, negligent training and supervision, and negligent retention, <u>id.</u> at *1.   In denying leave to amend, the Northern District of New York found that John Doe admitted that CPLR 202 applied to his claims, despite arguing that some of the incidents occurred in New York, <u>id.</u> at *6, 7-8.  With alleged incidents in both states, the court held that the first incident in Pennsylvania dictated the accrual for CPLR 202 purposes, <u>id.</u> at *6, citing <u>Global Fin.</u>, <u>supra</u>, 93 N.Y.2d at 528, 693 N.Y.S.2d at 479 (breach of contract action). The court then applied Pennsylvania statute of limitations and concluded the combined claims were time barred, <u>Doe</u>, <u>supra</u>, 2021 WL 523742, at *7.  John Doe essentially alleged continuous conduct, <u>see</u> <u>id.</u> at *6.

Defendants next contend that Kidder was 62 years old when he sued, the extended infancy toll of CPLR 208(b) for litigants up to age 55 was inapplicable, thus barring his action (Docket No. 11, Defs. Memo. at 4; <u>see</u> Compl. ¶ 6 (Kidder born in September 1958, noted in Complaint dated August 2021)).

### b.    CPLR 202 and CPLR 214-g

The timeliness of Kidder's New York battery claims is governed by intersecting CPLR provisions, the borrowing statute CPLR 202, personal injury limitations period of CPLR 214(5), and two provisions from the Child Victims Act, CPLR 214-g and 208.

Sexual assault claims in New York occurring in 1970s ordinarily are time barred under CLR 214(5).  If the litigant claims those assaults occurred in their youth, the Child Victims Act may come into play to revive otherwise untimely claims.

Where (as here) the sexual assaults occurred in New York and other states, this Court first considers the interplay of CPLR 202 and CPLR 214-g.  While CPLR 202 addresses the assault claims occurring in other states, some of Kidder's First Cause of Action alleges assaults that occurred in New York.  Kidder is correct (Docket No. 15, Pl. Memo. at 6-7, citing Abdullajeva, supra, 1996 WL 497029, at *7; Lettis, supra, 39 F. Supp. 2d at 204; Galvin v. Francis, No. 009, 2003 WL 21696740, at *2 (N.Y. Sup. Ct. Richmond Cnty. May 29, 2003) (citing Lettis); Canosa, supra, 2019 WL 498865, at *8) that each assault or battery is a distinct cause of action because those torts are not appropriate for the continuing violation doctrine.  Each assault or battery thus has its own accrual and limitations period.  Lettis, supra, 39 F. Supp. 2d at 204; see Abdullajeva, supra, 1996 WL 497029, at *7.

The continuous nature of the conduct accepted by John Doe in the Northern District of New York case distinguish that case from Kidder's battery claims here.  John Doe alleged different torts (negligence, negligent retention, negligent training and supervision, Doe, supra, 2021 WL 5232742, at *1, 6) from the series of assaults and battery alleged by Kidder in the First Cause of Action.  The Northern District of New York in Doe did not consider the accrual of each battery incident (cf. Docket No. 15, Pl. Memo. at 9-10), resting instead on John Doe's concession that CPLR 202 applied in that case, see id. at *6.  Kidder, however, has not conceded that CPLR 202 applies.

Kidder's New York battery claims fall outside the scope of CPLR 202.  There is no allegation connecting Pennsylvania incidents with New York events.  Although he alleges generally 150 instances of sexual assault in two states, each incident is distinct accrual. For example, the Allegany State Park incident (the only explicitly located New York battery) is a distinct claim and, having accrued in New York is governed by CPLR 214(5) (as revived by the Child Victims Act, CPLR 214-g).  Plaintiff's other battery incidents that occurred in New York also are revived by CPLR 214-g.

c.    CPLR 208(b) and CPLR 214-g

Defendants argue that CPLR 208 bars Kidder's action because he commenced it after turning 55 years old (Docket No. 11, Defs. Memo. at 4)).  CPLR 208(b) now extends the infancy toll for child victim of sexual abuse until that victim reached the age of 55 as of the Child Victims Act's February 14, 2019, effective date, LG 67 Doe, supra, 75 Misc. 3d at 330, 164 N.Y.S.3d at 805; Jones v. Cattaraugus-Little Valley Cent. Sch. Dist., No. 19CV707, 2022 WL 2124608, at *3 (W.D.N.Y. June 13, 2022) (Skretny, J.).   This amendment to CPLR 208 was part of the Child Victims Act, 2019 N.Y. Sess. Laws ch. 11, § 2; S.H., supra, 205 A.D.3d at 184, 167 N.Y.S.3d at 175; see LG 67 Doe, supra, 75 Misc. 3d at 329, 164 N.Y.S.3d at 804.

Justice Chimes in LG 67 Doe held that CPLR 208(b) tolled such claims (until the victim turned 55) while CPLR 214-g creates a one-year (later extended to two years due to COVID) revival window for time-barred claims regardless of the age of the litigant for actions commenced between August 14, 2019 (six months after effective date of the Child Victims Act), and August 14, 2021, id. at 330, 164 N.Y.S.3d at 805; see Jones, supra, 2022 WL 2124608, at *3.  There, the court denied a Motion to Dismiss on limitations

grounds on the application of these two provisions of the Child Victims Act and Article 2 of the CPLR, LG 67 Doe, supra, 75 Misc. 3d at 330, 164 N.Y.S.3d at 805.

CPLR 214-g revives claims of all child victims commenced for what eventually became two years from August 2019 regardless of the victim's age when they eventually sued, id. at 330, 164 N.Y.S.3d at 805.  The Child Victims Act does not restrict revived claims by the age of the now adult litigants between August 2019 and August 2021 to assert otherwise dormant sexual assault claims.  Going forward after August 2021, however, infant's sex offense only claims can be raised until that litigant reaches 55 years old.

In Jones, this Court recognized that the claim-revival provision of the Child Victims Act codified as CPLR 214-g was "an extraordinary use of the legislature's power" or an extreme example of legislative power, as a "special law" that revives causes of action is to be narrowly construed, Jones, supra, 2022 WL 2124608, at *4 (quoting S.H., supra, 205 A.D.3d at 188, 167 N.Y.S.3d at 177; In re Agent Orange Prod. Liab. Litig., 597 F. Supp. 740, 815 (E.D.N.Y. 1984), aff'd, 818 F.2d 145 (2d Cir. 1987)).  Unlike Kidder, plaintiff Brittany Jones there sued four months before the CPLR 214-g revival period began, Jones, supra, 2022 WL 2124608, at *1, 4.  This Court granted the defendant summary judgment on statute of limitations grounds, declining for equitable reasons to relief Jones from the strictures of the revival provision she did not comply with, id. at *4-7, 9.

While Brittany Jones sued before the Child Victims Act revival started, Kidder raised his assault claims after August 14, 2019, when he sued on August 12, 2021, days before the revival period ended, CPLR 214-g; see 2020 N.Y. Sess. Laws ch. 130, § 1.

Even giving a narrow construction to the Child Victims Act, Kidder's New York State childhood sexual assault claims were revived and timely commenced without regard to Kidder's age when he sued.  Therefore, Defendants' arguments that CPLR 208 bar this action are incorrect.

Thus, the remaining portion of Kidder's First Cause of Action against Dennis Hanes for battery committed in New York is revived by CPLR 215-g and is not time barred. Defendants' Motion for Judgment on the Pleadings (Docket No. 10) dismissing  this First Cause of Action for New York claims is denied.

4.  Amending Pleadings

Kidder merely alleges his battery claims generally, saying that they occurred in Pennsylvania and New York between April 1972 and July 1974 (cf. Compl.).  Including the Allegany State Park incident, Kidder does not state the dates when New York abuse incidents occurred, when Dennis brought Kidder to New York, or how many incidents (beyond the Allegany State Park assault) occurred in New York.  Kidder specifies only one undated incident that occurred in New York State's Allegany State Park (Compl. ¶¶ 18-28) while alleging travel in or through New York where presumably other abusive incidents occurred (id. ¶ 17).  Kidder's remaining First Cause of Action lacks specificity about incidents in New York aside from the Allegany State Park incident.

For clarity on his remaining claims, Kidder is granted leave to amend his Complaint to allege only New York battery incidents.  This Court orders him to reallege this New York State Cause of Action, eliminate other claims that are time barred or otherwise dismissed by this Decision and Order, and amplify (if possible) other incidents that occurred in New York.

## IV.      Conclusion

Nonresident Plaintiff Jeffrey Kidder claims being sexually abused by Dennis Hanes in New York State and Pennsylvania for over two years in Kidder's youth.  The incidents occurring in Pennsylvania (including incidents by Donna Hanes) are governed by the borrowing statute of CPLR 202 and Pennsylvania's unrevived or tolled statute of limitations.  New York's Child Victims Act, CPLR 214-g, lacks extraterritoriality to apply to claims of a nonresident (like Kidder) for torts occurring outside of New York, such as the incidents in Pennsylvania.  Kidder's Pennsylvania claims thus are time barred.

Applying their Motion as one for Judgment on the Pleadings, Defendants' Motion (Docket No. 10) dismissing the Pennsylvania claims (alleged in part of the First Cause of Action and the Third Cause of Action) is granted.

Kidder's claims in the Second and Fourth Causes of Action for intentional infliction of emotional distress are deemed continuous from incidents in Pennsylvania and New York.  With accrual of these claims from the first incident in Pennsylvania, that Commonwealth's statute of limitations (without any revival of claims) applies to these claims as well, and the Second and Fourth Causes of Action also are time barred; Defendants' Motion for Judgment on the Pleadings (id.) is granted dismissing these claims.  With the dismissal of the Third and Fourth Causes of Action against Donna Hanes, she is dismissed as a Defendant.

Kidder also alleges in the First Cause of Action battery committed by Dennis in New York.  That part of the Cause of Action is not governed by CPLR 202 but, as New York accrued torts, the limitations period for each instance is revived under provisions of the Child Victims Act, codified at CPLR 214-g (despite Kidder's age when commencing

this claim).  These New York battery claims are thus timely.  Defendants' Motion for Judgment on the Pleadings (Docket No. 10) dismissing the New York claims alleged in the First Cause of Action is denied; Dennis Hanes remains as a Defendant in this action.

To clarify these remaining New York battery claims going forward, Kidder is ordered to amend the Complaint to allege against Defendant Dennis Hanes only the New York battery claims.  Plaintiff has 21 days to file this Amended Complaint.  Dennis Hanes shall answer or otherwise respond to the amended pleading within 14 days of service of the amendment, see Case v. Anderson, No. 16 Civ. 983, 2017 WL 3701863, at *29, 30 (S.D.N.Y. Aug. 25, 2017) (denying in part Motion to Dismiss, ordering further amendment of complaint and defendants to answer amended complaint).  If Kidder fails to amend, this case will proceed upon the New York claims alleged in First Cause of Action as stated in the original Complaint.

### V.    Orders

IT HEREBY IS ORDERED, that Defendants' Motion for Judgment on the Pleadings (Docket No. 10) is GRANTED IN PART and DENIED IN PART; denying dismissal of so much of the First Cause of Action alleging instances of battery committed in New York, and dismissing the remaining claims.

FURTHER, the Court Clerk shall enter judgment for Defendants dismissing Defendant Donna Hanes.

FURTHER, Plaintiff shall file an Amended Complaint asserting only battery claims by Defendant Dennis Hanes that arose in New York and file the pleading within 21 days of entry of this Order and Dennis Hanes then shall answer or otherwise respond within 14 days of service of the amended pleading.

SO ORDERED.


Dated:      January 23, 2023
            Buffalo, New York


                                        s/William M. Skretny
                                       WILLIAM M. SKRETNY
                                     United States District Judge