UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEFFREY D. KIDDER,

                              Plaintiff,

        v.                                          **DECISION AND ORDER**
                                                    21-CV-1109S
DENNIS F. HANES and
DONNA M. HANES,

                              Defendants.

## I.    Introduction

In this removed diversity action[1], Plaintiff Jeffrey Kidder ("Plaintiff" or "Kidder") originally sued Defendants Dennis and Donna Hanes for sexual assaults and other torts against Kidder between April 1972 and July 1974 in New York and Pennsylvania (Docket No. 1, Notice of Removal, Ex. A, State Compl. at 1, or "Compl."). Kidder seeks damages for his injuries from suffering sexual abuse at the hands of Dennis Hanes ("Dennis"), claiming that Dennis encouraged Kidder to join him on trips in Pennsylvania and New York where Dennis allegedly would assault Kidder and injure him (Docket No. 1, Notice of Removal, Ex. A, State Compl., or "Compl.").

Defendants initially moved to dismiss this case on statute of limitations grounds (Docket No. 10). Invoking New York's Child Victims Act, 2019 N.Y. Sess. Laws ch. 11, § 3 (codified at N.Y. CPLR 214-g), Plaintiff argued that the Act revived his tort claims of juvenile sexual abuse, N.Y. CPLR 214-g (Docket No. 15, Pl. Memo. at 4-5).

---

[1]Plaintiff is a Colorado resident and Defendant Dennis Hanes a resident of Iowa, <u>see</u> Docket No. 1, Notice of Removal ¶¶ 4-5, 7-8.

On January 23, 2023, this Court granted in part Defendants' Motion to Dismiss, concluding that only juvenile sex assault claims of nonresidents (such as Plaintiff) that occurred in New York are revived by the New York Child Victims Act, S.H. v. Diocese of Brooklyn, 205 A.D.3d 180, 167 N.Y.S.3d 171 (2d Dep't 2022).  This Court thus dismissed Plaintiff's Pennsylvania claims and his claims against Defendant Donna Hanes as time barred but retained Plaintiff's battery claims allegedly committed in New York by Dennis Hanes.  This Court then ordered Plaintiff to amend his Complaint to specify his remaining New York battery claims.   Kidder v. Hanes et al., No. 21CV1109, 2023 WL 361200 (W.D.N.Y. Jan. 23, 2023) (Skretny, J.) (Docket No. 21, Decision and Order of Jan. 23, 2023); familiarity with this Decision is presumed.

Plaintiff duly filed and served his Amended Complaint (Docket No. 23) alleging his claims against Dennis only.  Presently before this Court is Defendant Dennis Hanes' Motion to Dismiss this Amended Complaint (Docket No. 24[2]) because Plaintiff failed to adhere to this Court's Order and pleading deficiencies contained in the Amended Complaint.  Alternatively, Dennis moves to Strike immaterial allegations and exhibits from the Amended Complaint.

For the following reasons, Dennis' Motion to Dismiss the Amended Complaint (id.) is granted in part, denied in part, dismissing again Kidder's Pennsylvania claims, and dismissing (without prejudice) his vaguely alleged New York claims other than what he claims occurred in Allegany State Park.  Dennis' alternative Motion to Strike (id.) also is granted striking immaterial allegations Kidder makes following the 1972-74 assaults as

---

[2]In support of his Motion to Dismiss the Amended Complaint, Dennis Hanes submits his Memorandum of Law, Docket No. 24 and his Reply Memorandum, Docket No. 27.

In response, Plaintiff submits his Memorandum of Law, Docket No. 26.

well as certain background allegations.  That Motion (id.) is granted to exclude the exhibits attached to the Amended Complaint because they are not "written instrument" under Federal Rule of Civil Procedure 10(c).  Dennis' Motion to Dismiss (id.) this case, however, is denied since Kidder has stated his Allegany State Park battery claims.  This Court again grants Plaintiff leave to file a Second Amended Complaint consistent with this Decision.

## II.    Background

This Court assumes the truth of the following factual allegations contained in Kidder's Complaint and his Amended Complaint.  See Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740, 98 S.Ct. 1848, 48 L.Ed.2d 338 (1976).

### A.  Factual Allegations in the Original Complaint (Docket No. 1, Ex. A)

Kidder originally alleged that his uncle Dennis Hanes abused him from 1972-74 in Pennsylvania and the Southern Tier of New York (Compl. ¶¶ 6, 29, 8, 9, 28, 39, 48).  The Complaint generally did not allege distinct incidents or where or when they occurred. Instead, Kidder alleges an initial incident that occurred at his grandparents' home in Emporium, Pennsylvania, in April 1972 (id. ¶ 29).   Kidder next claims by about 150 occasions where Dennis took Kidder on trips alone "in the widely uninhabited mountains of New York and Pennsylvania" (id. at page 1, ¶ 16) and assaulted Kidder. Kidder claims that some incidents later occurred in Cattaraugus County, New York (id. ¶¶ 2, 17-18, 28), including one incident of abuse in Allegany State Park (id. ¶¶ 18-28). He does not allege, however, when these New York incidents (including the Allegany State Park assault) occurred or how many of the approximate 150 incidents occurred in this state.

Plaintiff sued Defendants in the New York Supreme Court, Cattaraugus County, on August 12, 2021 (Compl.).   First Cause of Action alleged battery by Dennis in Pennsylvania and New York (id. ¶¶ 67-69).  The Second Cause of Action alleged Dennis inflicted emotional distress upon Kidder (id. ¶¶ 70-73).  The Third and Fourth Causes of Action alleged negligence on the part of Donna Hanes (id. ¶¶ 74-113) and her intentional infliction of emotional distress (id. ¶¶ 114-17).

B.  Defendants' First Motion to Dismiss or for Judgment on the Pleadings

Defendants then removed this case from the New York State Supreme Court (Docket No. 1) to this Court and answered (Docket No. 4).  They then moved alternatively to dismiss or for judgment on the pleadings (Docket No. 10), arguing that Kidder's claims were time barred (id.).

As noted above, this Court agreed and granted in part, denied in part this Motion, while granting Plaintiff leave to amend to specify the timely claims for assaults that occurred in New York that were revived by the operation of the Child Victims Act, Kidder, supra, 2023 WL 361200, at *6-8, 9-10, 11.   That Decision also scheduled Dennis' response to Kidder's amended pleading, id. at *10, 11.

C.  First Amended Complaint (Docket No. 23)

On February 13, 2023, Plaintiff timely filed his Amended Complaint (Docket No. 23).  There, Kidder eliminated his claims against Donna Hanes.  He still alleges his history of sexual assaults from 1972 to 1974 by Defendant Dennis in Pennsylvania and New York, realleging in some detail an assault that occurred during this period in New York's Allegany State Park (Docket No. 23, Am. Compl. ¶¶ 17-28, 47; cf. Compl. ¶¶ 17-29 (identical allegation); see also Docket No. 24, Def. Memo. at 4).

4

Plaintiff, however, fails to specify when the Allegany State Park incident occurred or elaborate on the number or date when other assaults occurred in New York.  Kidder also continues to allege Dennis' assaults that occurred in Pennsylvania starting with the first at his grandparents' home in Emporium (see Docket No. 23, Am. Compl. ¶¶ 29-38; see also Compl. ¶¶ 6, 29-40) and while deer hunting within driving distance of Kidder's Erie home (Docket No. 23, Am. Compl. ¶ 39).  He realleges these Pennsylvania events despite being time barred under applicable Pennsylvania law, Kidder, supra, 2023 WL 361200, at *4-5, 6-7.

Kidder next realleges his revelations to his family and friends of his victimization and Dennis' assaults (Docket No. 23, Am. Compl. ¶¶ 48-65; see Compl. ¶¶ 49-66).  He also claims Dennis sexually assaulted other people (Docket No. 23, Am. Compl. ¶¶ 48, 50, 54-55, 60-61, Exs. F, H, J, K, L).  Kidder and others then confronted Dennis about these assaults and Dennis promised to send an open letter to his victims (although Kidder did not receive that open letter until 2021) (id. ¶¶ 51-53, 56-59, 62-63, 65, Exs. G, I, M). On or about April 27, 2021, Dennis wrote back to Plaintiff explaining that he could not find his 1999 open letter or recall its contents but stated he was "very sorry for the pain [he has] caused" (id. ¶ 63, Ex. N).

Plaintiff attaches to the amended pleading exhibits documenting his injuries and his efforts to confront Dennis with his actions (Docket No. 23, Am. Compl. Exs. F-N), the same exhibits attached to the original Complaint (Compl. Exs. F-N).  Kidder also again attaches to his Amended Complaint pictures of himself at ages 12 and 15 (Docket No. 23, Am. Compl. Exs. A, B), the Hanes' wedding announcements in a newspaper (id. Ex. C), Dennis' military service record (id. Ex. D), and Kidder's response to his allegedly abusive

father's obituary (id. Ex. E, see Docket No. 23, Am. Compl. ¶ 15).  Kidder also attached these exhibits to the original Complaint (Compl. Exs. A-E).

As amended Plaintiff now alleges a single Cause of Action for battery committed by Dennis (Docket No. 23, Am. Compl. ¶¶ 67-68, 66 (realleging earlier paragraphs in the First Cause of Action)).

### D.  Dennis's Motion to Dismiss the Amended Complaint (Docket No. 24)

Dennis next filed his Motion to Dismiss (Docket No. 24) this amended pleading, arguing that the Amended Complaint did not comply with this Court's Decision (id., Def. Memo. at 3-4, 6-7), that it included immaterial and impertinent matters (especially activities that occurred years after the 1972-74 assaults), and Plaintiff incorporated items that are not "written instruments" as considered by courts in this Circuit applying Rule 10(c) (id. at 7-8, 8-9).  He seeks stricken paragraphs 48-65 of the Amended Complaint in which Kidder alleges post-assault incidents and attempts Kidder sought Dennis' acknowledgement of responsibility.  He also urges striking exhibits that are not written instruments attached to that amendment.  (Id.)

Responses to this Motion were due by March 14, 2023, and any reply by March 21, 2023 (Docket No. 25).  After Plaintiff's timely response (Docket No. 26) and Dennis' reply (Docket No. 27), this Motion was deemed submitted without oral argument.

### III.    Discussion

#### A.  Applicable Standards

##### 1.  Dismissal of Complaint, Motion to Dismiss, Rule 12(b)(6)

Under Rule 12(b)(6), this Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), a Complaint must be dismissed pursuant to Rule 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46).

To survive a Motion to Dismiss, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level," Twombly, supra, 550 U.S. at 555. As reaffirmed by the Court in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009),

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Twombly, supra, 550 U.S.] at 570 . . . .  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556 . . . .  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."' Id., at 557 . . . (brackets omitted)."

Iqbal, supra, 556 U.S. at 678 (citations omitted).

In considering a Motion to Dismiss, the Court must accept as true all the well pleaded facts alleged in the Complaint. Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

2.   Exhibits Incorporated in Complaint, Rule 10(c)

A Rule 12(b)(6) motion is addressed to the face of the pleading.  The pleading is deemed to include "a copy of a written instrument" attached to it as an exhibit, Fed. R. Civ. P. 10(c), Goldman v. Belden, 754 F.2d 1059, 1065 (2d Cir. 1985); Murphy v. Cadillac Rubber & Plastics, Inc., 946 F. Supp. 1108, 1115 (W.D.N.Y. 1996) (Heckman, Mag. J.).

In Murphy, Magistrate Judge Heckman held that certain documents (affidavits, plaintiff's letter of resignation, or an unsigned letter from defendant) were not "written instruments" that could be incorporated into a Complaint under Rule 10(c), Murphy, supra, 946 F. Supp. at 1115 (Docket No. 24, Def. Memo. at 8-9).  She defined a "written instrument" as "a document evidencing legal rights or duties or giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement," id., citing Black's Law Dictionary 801, 1612 (6th ed. 1990); Webster's Third New International Dictionary 1172 (1986) (Docket No. 24, Def. Memo. at 8-9); cf. United States v. Erie County, N.Y., 724 F. Supp. 2d 357, 367 (W.D.N.Y. 2010) (Skretny, C.J.) ("common exhibits to complaints include agency decisions, contracts, patents, correspondence, and the like").  Other courts also held photographs and x-rays, Nkemakolam v. St. John's Mil. Sch., 876 F. Supp. 2d 1240, 1246-47 (D. Kan. 2012) (citing cases), as well as video recordings, a police report, an expert report, birth and death certificates, Rivera v. Robinson, Civil Action No. 18-14005, 2019 WL 1326588, at *4 (E.D. La. Mar. 25, 2019), were evidentiary and immaterial and not written instruments for incorporation into the complaints and were stricken therefrom.

Commentators observe that "of course, lengthy or numerous exhibits containing extraneous or evidentiary material should not be attached to the pleadings," 5A Charles

8

A. Wright, Arthur R. Miller & A. Benjamin Spencer, <u>Federal Practice and Procedure</u> § 1327, at 292-94 (Civil ed. 2018); <u>id.</u> at 294 n.8 (citing cases). Evidentiary materials are not considered written instruments for Rule 10(c) incorporation and such materials are routinely stricken, <u>e.g.</u>, <u>Allen v. Wal-Mart Stores, Inc.</u>, No. 19-cv-03594-KLM, 2020 WL 3000957, at *2 (D. Colo. June 3, 2020). A defendant need not answer the attached exhibit or respond to it, <u>id.</u> at *3; <u>United States v. Erie County</u>, <u>supra</u>, 724 F. Supp. 2d at 367. Courts also have granted leave to plaintiffs to amend their complaints to allege information contained in the attached materials. <u>Allen</u>, <u>supra</u>, 2020 WL 3000957, at *3; <u>United States v. Erie County</u>, <u>supra</u>, 724 F. Supp. 2d at 373.

This Court "has discretion to either exclude the additional material and decide the motion [to dismiss] on the face of the complaint alone or to convert the motion to one for summary judgment and allow all parties to submit supporting evidence," <u>Murphy</u>, <u>supra</u>, 946 F. Supp. at 1115-16; <u>Ong v. Chipotle Mexican Grill, Inc.</u>, 294 F. Supp. 2d 199, 222, 224 (S.D.N.Y. 2018) (court has discretion to grant motion striking declaration attached to amended complaint); <u>see</u> Fed. R. Civ. P. 12(d).

### 3. Pleading Requirements and Motion to Strike

Plaintiffs stating a claim for relief must allege them in "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). These pleadings also must be concise and direct, <u>id.</u> R. 8(d)(1).

This Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f), either acting upon a motion, <u>id.</u> R. 12(f)(2) (<u>see</u> Docket No. 24), or on its own, <u>id.</u> R. 12(f)(1). This Court has "considerable" discretion to

strike immaterial or impertinent matters, 5C Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1382, at 433 & n.7 (Civil 3d ed. 2004).

Motions to Strike, however, are not favored, <u>id.</u> at 434.  Striking a portion of pleadings is "a drastic remedy and is therefore disfavored," <u>VNB Realty, Inc. v. Bank of AM. Corp.</u>, No. 11 Civ. 6805 (DLC), 2013 WL 5179197, at *2 (S.D.N.Y. Sept. 16, 2013) (citation omitted); <u>UPS Store, Inc. v. Hagan</u>, 99 F. Supp. 3d 426, 442 (S.D.N.Y. 2015).  The Second Circuit cautions that "courts should not tamper with the pleadings unless there is a strong reason for so doing," <u>Lipsky v. Commonwealth United Corp.</u>, 551 F.2d 887, 893 (2d Cir. 1976).  A Motion to Strike should be denied unless the challenged allegations have no possible relation or logical connection to the subject of the litigation, 5C <u>Federal Practice and Procedure</u>, <u>supra</u>, § 1382, at 436, and "may cause some form of significant prejudice to one or more of the parties," <u>id.</u> at 441.

Commentators note that courts define "immaterial" matters in Rule 12(f) as "that which has no essential or important relationship to the claim for relief," 5C <u>Federal Practice and Procedure</u>, <u>supra</u>, § 1382, at 458 & n.39 (citing cases).  Averments of evidentiary facts or superfluous historical allegations may be subject to a Motion to Strike, <u>id.</u> at 461.  Historic background, however, may be alleged if it is relevant to the claims at issue or provide a useful background for the parties and the Court absent any prejudice, <u>id.</u> at 462.

"Impertinent" matters under Rule 12(f) "consist of statements that do not pertain, and are not necessary, to the issues in question," <u>id.</u> at 463; <u>see</u> <u>Harrison v. Perea</u>, 168 U.S. 311, 318-19, 18 S.Ct. 129 42 L.Ed.2d 478 (1897) (impertinence defined from common law).

A timely Motion to Strike is made either before responding to the pleading or, if response is not allowed, within 21 days of service of the pleading, Fed. R. Civ. P. 12(f)(2), see A.W.S. v. Southampton Union Free Sch. Dist., No. 2:19-cv-889, 2022 WL 1166422, at *2 (E.D.N.Y. Apr. 20, 2022).  Dennis' Motion to Strike (Docket No. 24) here is timely.

To prevail on a Motion to Strike, the movant "must satisfy a stringent three-pronged test," that no question of fact that the opponent would succeed, the absence of a substantial question of law that might allow the opponent's position to succeed, and the movant shows prejudice from inclusion of the claim or defense, City of N.Y. v. FedEx Ground Package Sys., Inc., 314 F.R.D. 348, 355 (S.D.N.Y. 2016), with the first two factors considered under Rule 12(b)(6) standards, id.  The third factor considers the duration and expense of litigation to allow the claim or defense, id.

Any doubts about whether the challenged material is immaterial or impertinent should be resolved in favor of the non-movant, 5C Federal Practice and Procedure, supra, § 1382, at 264 & n.11.50 (Supp. 2022); see City of N.Y. v. FedEx, supra, 314 F.R.D. at 355.

### 4.  Involuntary Dismissal for Noncompliance, Rule 41(b)

If Plaintiff fails to comply with a Court Order directing amendment of the Complaint, Defendant may move under Rule 41(b) to dismiss either the action or any claim violative of the Order, Fed. R. Civ. P. 41(b); 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2369, at 690 (Civil ed. 2020); see Curto v. Edmundson, 392 F.3d 502, 503 n.2 (2d Cir. 2004) (per curiam) (district court properly dismissed claims that were reintroduced in violation of the court's order).

This Court also enjoys "wide discretion in determining when dismissal is appropriate" for docket management or compliance with Orders, 9 Federal Practice and Procedure, supra, § 2369, at 707.

Absent expressly providing otherwise, a dismissal under Rule 41(b) is presumed to be with prejudice, Fed. R. Civ. P. 41(b); 9 Federal Practice and Procedure, supra, § 2373, at 935-36.  An involuntary dismissal under Rule 41(b) "ordinarily constitutes an adjudication on the merits" and is a dismissal with prejudice, 9 Federal Practice and Procedure, supra, § 2369, at 711-12; see also id. § 2373, at 922.  This Court nevertheless may specify that a dismissal is without prejudice "when motivated by equitable considerations," id. at 935.

### 5.  Sex Assault Battery Elements

To determine whether Kidder pleads extraneous materials for his sexual battery claims, the Court needs to discuss the elements for that cause of action.

Under New York law, sexual battery is intentional wrongful sexual contact with another person without their consent, LB on behalf of PB v. Hines, No. 15-cv-5238 (NSR), 2018 WL 1773138, at *3 (S.D.N.Y. Apr. 10, 2018) (citing Laurie Marie M. v. Jeffrey T.M., 159 A.D.2d 52, 55, 559 N.Y.S.2d 336, 338 (2d Dep't 1991); Van Vooren v. Cook, 273 A.D. 88, 92-93, 75 N.Y.S.2d 362, 365-67 (4th Dep't 1947); Girden v. Sandals Int'l, 262 F.3d 195, 203 (2d Cir. 2001) (quotations and citations omitted); Zgraggen v. Wilsey, 200 A.D.2d 818, 819, 606 N.Y.S.2d 444, 445 (3d Dep't 1994)).  The lack of the victim's consent, while an element, is not conclusive, Zgrarggen, supra, 200 A.D.2d at 819, 606 N.Y.S.2d at 445.

In granted partial summary judgment for plaintiffs for their sexual battery claim upon their infant child, the United States District Court for the Southern District of New York in <u>LB on behalf of PB</u> held that plaintiffs established all the elements for sexual battery, <u>LB on behalf of PB</u>, <u>supra</u>, 2018 WL 1773138, at *3.  On the consent element, the court found that under New York Penal Law § 130.05(3) a person is unable to consent if he or she is less than 17 years old as was the victim LB there, <u>id.</u>, <u>see</u> N.Y. Penal L. § 130.05(3)(a); <u>see, e.g.</u>, <u>Druger v. Syracuse Univ.</u>, 207 A.D.3d 1153, 1153, 172 N.Y.S.3d 304, 305 (4th Dep't 2022); <u>S.R. v. Gates Chili Board of Educ.</u>, Index No. E2020007409, ___ N.Y.S.3d ___, 2023 WL 2292512 (N.Y. Sup. Ct. Monroe County Feb. 24, 2023).

### B.  Plaintiff Failed to Comply with This Court's Decision

#### 1.  Parties' Contentions

##### a.  Compliance with this Court's Decision

Defendant Dennis contends that Kidder merely repeats in the Amended Complaint his allegations of sexual assault in Pennsylvania and New York he made in the original Complaint despite this Court's Order that Plaintiff's claims were restricted to activities in New York (Docket No. 24, Def. Memo. at 6-7).  Dennis believes that it is within this Court's discretion (either under Rule 41(b) for failure to prosecute or failure to comply with Rule 8) to dismiss the Amended Complaint (<u>id.</u> at 7), although he does not comment on whether that dismissal should be with prejudice (<u>but cf. id.</u> at 10).

Kidder responds that he complied with this Court's Decision and portions of the Amended Complaint and its exhibits should not be stricken (Docket No. 26, Pl. Memo. at first and fourth unnumbered pages).  He argues that this Court did not state allegations should be omitted or discuss the exhibits (<u>id.</u> at second unnumbered page).  Kidder now

contends the Amended Complaint only alleges the abuse that occurred at Allegany State Park (id.). He argues he pled other instances to eliminate the defense that Kidder might have consented to Dennis' sexual abuse (id. at third unnumbered page). Kidder also cites Dennis' alleged assaults of other persons to show lack of consent (id.). Kidder asserts other incidents in Pennsylvania and New York but leaves for later the question whether evidence of these incidents would be admissible (id.).

Dennis replies that Kidder did not comply with the January 2023 Decision, arguing that the Amended Complaint either should be dismissed or Kidder should be directed to file a compliant Second Amended Complaint (Docket No. 27, Def. Reply Memo. at 1). Dennis argues that Amended Complaint still alleges abuses that occurred in Pennsylvania, time-barred allegations that this Court dismissed (id. at 3).

b. Parties' Contentions—Extraneous Matters

Dennis alternatively contends that Kidder alleges extraneous matters and attached exhibits that are not "written instruments" for deeming them part of the Amended Complaint. He argues that these items should be stricken. (Docket No. 24, Def. Memo. at 7-9.)

As for striking portions of the Amended Complaint, Kidder argues that it is not this Court's job to "micro-manage pleadings," Sloup v. Loeffler, No. 05-CV-1766, 2006 WL 767869, at *3 (E.D.N.Y. Mar. 13, 2006), and this Court "should not tamper with the pleadings unless there is strong reason for so doing," Lipsky, supra, 551 F.2d at 893 (Docket No. 26, Pl. Memo. at fourth unnumbered page). Kidder supports these allegations because they give a detailed timeline of Dennis' abuse and Kidder contends

that these allegations are relevant to his battery claim and an alleged pattern of Dennis'
activities (id. at sixth unnumbered page).

Dennis replies that these extraneous and immaterial allegations and exhibits
should be stricken from a Second Amended Complaint (Docket No. 27, Def. Reply at 4).

2.   Noncompliance with the January 2023 Decision

This Court granted Kidder leave to amend, see Kidder, supra, 2023 WL 361200,
at *10, but he did not amplify his description of his New York incidents.  Comparison of
the original and Amended Complaint shows that Plaintiff merely repeats his allegations
of sexual assault by Dennis in New York and Pennsylvania without embellishment.  This
Court acknowledges that Kidder in this amendment did reduce his claims to a single
battery Cause of Action and eliminated Donna Hanes as a Defendant.  Kidder, however,
failed to specify only those incidents occurring in New York are now claimed.

The grant of leave to amend the original allegations was for Kidder to furnish details
of when and where these assaults (specifically the New York incidents of the
150 instances claimed) occurred.  Clarity was necessary to exclude otherwise time barred
Pennsylvania incidents from revived assaults that occurred in New York and to know the
number of New York incidents (in addition to the Allegany State Park attack) establishing
the scope of Kidder's claims.

Kidder's other New York encounters (and the one assault that occurred while
Dennis drove in either Pennsylvania or New York (Docket No. 23, Am. Compl. ¶ 47)) are
merely claimed generically and lack factual details to state a claim beyond mere
speculation, see Iqbal, supra, 556 U.S. at 678; Twombly, supra, 550 U.S. at 555.  Kidder
now claims that his remaining claim arises from the Allegany State Park incident (Docket

No. 26, Pl. Memo. at second unnumbered page).  But the Amended Complaint asserts claims to the contrary, repeating the language alleged in the original Complaint of Pennsylvania (the first encounter and those in Erie), other New York incidents (compare Docket No. 23, Am. Compl. ¶¶ 17-28 with Compl. ¶¶ 17-29), and the driving assault (compare Docket No. 23, Am. Compl. ¶ 46 with Compl. ¶ 47).  Kidder's Amended Complaint did not expressly limit his claim to the Allegany State Park incident.  The amendment also includes a jurisdictional reference to damages exceeding a threshold for "the jurisdiction of all lower courts" (compare Docket No. 23, Am. Compl. ¶¶ 66-68 with Compl. ¶¶ 67-69), a New York State jurisdictional standard, see N.Y. CPLR 3017(c), despite the subsequent removal of this case to this Court.  The Amended Complaint does allege jurisdiction based upon alleging damages exceeding $25,000 (see Docket No. 23, Am. Compl. ¶ 5) despite the diversity threshold of $75,0000, 28 U.S.C. § 1332(a).

Furthermore, the amendment also realleges (see Compl. ¶¶ 40, 6) that during winter deer season, Plaintiff and Dennis "usually hunted within driving distance of Plaintiff's residence" in Erie, Pennsylvania (Docket No. 23, Am. Compl. ¶¶ 39, 6).  The amendment, however, fails to state how many hunting trips were in New York (which is within an unspecified driving distance from Erie) or which trips led to assaults.

If one accepts Kidder's present argument (Docket No. 26, Pl. Memo. at second unnumbered page) that as amended his sole claim arises from the incident at Allegany State Park, then his allegations of other New York-based assaults (as well as the Pennsylvania incidents) thus are immaterial as well as insufficiently alleged.  These allegations merely state that Dennis repeatedly assaulted Kidder but, absent illuminating

allegations, they fail to state a claim.  Thus, Kidder's surviving extant claim arises the Allegany State Park incident, the only New York incident alleged beyond speculation.

Furthermore, these restated claims violated the January 2023 Decision—alleging incident in Pennsylvania and those incidents not specified in New York–and are dismissed, Curto, supra, 392 F.3d at 503 n.2.  This Court reaffirms that Plaintiff's Pennsylvania claims are time barred, see Kidder, supra, 2023 WL 361200, at *6-7, and Kidder's Pennsylvania allegations (such as the incidents at Dennis' Erie home or Plaintiff's grandparents' home in Emporium, Pennsylvania, Docket No. 23, Am. Compl. ¶¶ 6, 29, 39-45) are not actionable and remain dismissed with prejudice.  Dennis' Motion (Docket No. 24) on that ground is granted.

Kidder's vaguely alleged New York claims (save the Allegany State Park claims), however, are dismissed without prejudice.  Kidder may reallege these claims with more specificity with the claims from the Allegany State Park incident.  He is granted one more chance to amend the pleadings to allege (where possible) claims arising from New York sexual assaults beyond the Allegany State Park incident.  Dennis' Motion to Dismiss (Docket No. 24) these New York claims is granted in part, denied in part.

Next, this Court considers Dennis' Motion to Strike (id.) as extraneous Kidder's pre- and post-assault allegations and the attached exhibits to the Amended Complaint.

### C.  Plaintiff Pleads Extraneous Materials

#### 1.  Dennis Did Not Waive This Objection to the Amended Complaint

First, Kidder implicitly argues that Dennis, by not raising the contents of his allegations or the exhibits in the initial Motion to Dismiss (see Docket No. 26, Pl. Memo. at second unnumbered page), waived objections to the allegations and exhibits to the

Amended Complaint.  That Motion to Dismiss (Docket No. 10) addressed the original Complaint.

An Amended Complaint under Federal Rule of Civil Procedure 15 supersedes the earlier pleading and that older pleading no longer performs a function in the case, 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476, at 636-37 (Civil ed. 2010).  Thus, the allegations and exhibits attached to the original pleading (and Defendants' failure to address their merit in their initial Motion to Dismiss) is now mooted by the Amended Complaint.  Dennis' present Motion (Docket No. 24) addresses the Amended Complaint despite its nearly identical allegations and attachments as the original pleading.

Furthermore, this Court initially did not consider the substance of the allegations in the original Complaint because Defendants' original Motion to Dismiss focused only on the statute of limitations for the claims alleged and not their substance or the contents of the pleading.  Dennis therefore has not waived his objections to the allegations in the Amended Complaint (despite it repeating the original pleading's allegations) or its attachments.

> 2.  Amended Complaint Contains Extraneous and Immaterial Allegations

The allegations in the Amended Complaint and many of the attached exhibits Dennis now seeks stricken describe Kidder's efforts to advise family and friends of Dennis' actions and allegations that Dennis abused others and Kidder's efforts to have Dennis acknowledge his actions (Docket No. 23, Am. Compl. ¶¶ 48-65, Exs. F-N).  The earlier Exhibits furnish background on Kidder and Dennis and Donna Hanes (id. Exs. A-E).

On Dennis' alleged abuse of others, Kidder cites others assaulted by Dennis to show that Kidder did not consent, citing cases for the elements of battery, with one element being the lack of the victim's consent (Docket No. 26, Pl. Memo. at third unnumbered page), see LB on behalf of PB, supra, 2018 WL 1773138, at *3. These cases[3], however, are distinguishable and do not consider defendant's sexual assault of a minor where lack of consent is established as a matter of law, see N.Y. Penal L. § 130.05(3)(a).

In the only case Kidder cites involving sexual assault and consent, United National Insurance Co. v. Waterfront New York Realty Corp., 994 F.2d 105, 108 (2d Cir. 1993), was an insurance coverage action where the victim (defendant Lourdes Ortiz) was over 16 years old (hence at the age of consent) when she was sexually assaulted on the insureds' premises, id. at 106, 107. Plaintiff insurer United National issued a policy to defendant owners where Ortiz was assaulted and that policy contained exclusions for assault and battery and sexual molestation claims upon "a person not having attained the age of" 16. Id. at 107. Plaintiff insurer agreed to defend the nightclub owners but under a reservation of rights and then sued for declaration that it owed no duty to defend or indemnify, id. The Second Circuit upheld the district court's conclusion that the assault and battery and sexual molestation exclusion clauses were not ambiguous, id. at 107-08, 109-10.

---

[3]Siegell v. Herricks Union Free School Dist., 7 A.D.3d 607, 609, 777 N.Y.S.2d 148, 150-51 (2d Dep't 2004) (gym class injury in Frisbee relay race); Tillman v. Nordon, 4 A.D.3d 467, 468, 771 N.Y.S.2d 670, 671 (2d Dep't 2004) (elements of battery); Bastien v. Sotto, 299 A.D.2d 432, 433, 749 N.Y.S.2d 538, 539 (2d Dep't 2002) (same); O'Connor v. Western Freight Ass'n, 202 F. Supp. 561, 565, 562 (S.D.N.Y. 1962) (plaintiff's consent to fight defendant is defense of consent to a battery claim).}

Sexual battery of a youth under the age of consent meets the element of the absence of consent by operation of law, see LB on behalf of PB, supra, 2018 WL 177313, at *3.  By alleging his date of birth in 1958 and that Dennis allegedly assaulted him in 1972-74 (Docket No. 23, Am. Compl. ¶¶ 1, 6), Kidder established the absence of consent as a matter of law.  Thus, rendering the background allegations Kidder asserts to deny any consent (cf. Docket No. 26, Pl. Memo. at third unnumbered page) is unnecessary. Kidder's allegations to refute his possible consent therefore is immaterial.

Kidder now argues that his allegations of instances of Dennis's abuse of others are evidentiary (see id. at third to fourth unnumbered pages).  Averments of evidentiary facts such as asserted in this pleading may be subject to a Motion to Strike, 5C Federal Practice and Procedure, supra, ¶ 1382, at 461.  This allegation of abusing third parties is prejudicial to Dennis and has no relevance to Kidder's claims of abuse in 1972-74. Allegations of Dennis abusing others, however, are immaterial to Kidder's present claims. For example, the allegations that Dennis assaulted others are not material or pertinent to whether Dennis assaulted Kidder.

Further, if alleged as background material, these assertions are not relevant to Kidder's remaining Allegany State Park incident or to other timely New York incidents. Subsequent events alleged in the challenged paragraphs of the Amended Complaint are not relevant to Kidder's assault allegations and fail to present a "short and plain statement" of those claims, see Fed. R. Civ. P. 8(a)(2); see also id. R. 8(d)(1) (simple, concise, and direct allegation standard).

The prefatory allegations also are immaterial and impertinent to Kidder's claim that Dennis sexually assaulted him in the 1970s.  It is unclear how material is Kidder's

background leading to Dennis's first assault such that the Amended Complaint should include Kidder's reflections on his father at his passing (cf. Docket No. 23, Am. Compl. ¶ 15, Ex. E).  Kidder's first assault at his grandparents' home (id. ¶ 29), however, provides useful background for the start of Dennis' abuse that he can allege although that event is no longer actionable.

Applying the stringent three-pronged test of City of New York v. FedEx Ground Package System, supra, 314 F.R.D. at 355, there is no question of fact that Kidder would succeed on the questioned post-assault allegations and there is no substantial question of law surrounding these assertions.  Delving into allegations that Dennis assaulted others while failing to accept responsibility for assaulting Kidder and others, however, would prejudice Dennis and require upon trial of this case additional testimony surrounding these allegations beyond discerning the facts of Kidder's 1972-74 assaults.  Therefore, striking the immaterial and impertinent allegations is appropriate.

Thus, Dennis' alternative Motion to Strike pursuant to Rule 12(f)(2) as immaterial or impertinent (Docket No. 24) is granted.  This Court next considers whether the exhibits attached to the Amended Complaint are written instruments that comply with Rule 10(c).

> D. Plaintiff's Exhibits Are Not Written Instruments for Inclusion with His Amended Complaint

Kidder offers as attached exhibits photographs, newspaper clippings, Dennis' military records, affidavits, a police arrest report, treatment reports, letters, and email messages (Docket No. 23, Am. Compl., Exs. A-N; see also Docket No. 24, Def. Memo. at 5-6).  Applying Murphy and other cases' definition for what is a "written instrument" under Rule 10(c) for incorporation into an Amended Complaint, e.g., Murphy, supra, 946 F. Supp. at 1115, none of Kidder's attached exhibits to his Amended Complaint fall

within the common definition of "written instrument" or any of the examples of such documents. Kidder does not argue that the exhibits are written instruments under Rule 10(c) for incorporation. Dennis has not waived this argument by raising it in opposition to the Amended Complaint although these exhibits were initially attached to the original Complaint.

Courts in the Second Circuit routinely hold, however, that affidavits are not "written instruments" acceptable for incorporation under Rule 10(c), e.g., Smith v. Hogan, 794 F.3d 249, 254 (2d Cir. 2015) (noting circuit split on acceptance of affidavits for incorporation, holding that affidavits are not "written instruments" under Rule 10(c)); Murphy, supra, 946 F. Supp. at 1115 (citing cases). Photographs, arrest records, and newspaper articles also are not "written instruments" for inclusion with the Complaint, Nkemakolam, supra, 876 F. Supp. 2d at 1246-47 (photographs); Cabot v. Wal-Mart Stores, Inc., No. CIV 11-0260 JB/RHS, 2012 WL 1378529, at *8 (D.N.M. Apr. 10, 2012) (photographs); Perkins v. Silverstein, 939 F.2d 463, 467 n.2 (7th Cir. 1991) (newspaper articles); Rivera, supra, 2019 WL 1326588, at *4 (photographs, video recordings, a police report, an expert report, birth and death certificates). Treatment reports, such as those reporting on Kidder's treatment (e.g., Docket No. 23, Am. Compl. Exs. G, I), are evidentiary and not written instruments that have been incorporated into pleadings, Mora v. City of Chula Vista, No. 20cv779-GPC(AGS), 2021 WL 1165054, at *8 (S.D. Cal. Mar. 26, 2021) (letter from plaintiff's physician on plaintiff's condition stricken as evidentiary material and held not incorporated under Rule 10(c)). Written instruments are agreements or documents like a deed, will, or policy, Murphy, supra, 946 F. Supp. at 1115; see United States v. Erie County, supra, 724 F. Supp. 2d at 367, documents not

presented in Kidder's exhibits.   Thus, Kidder's proffered exhibits are not "written instruments" under Rule 10(c).

Neither party here seeks conversion of Dennis' Motion to Dismiss (based upon the Amended Complaint) into a Motion for Summary Judgment under Rule 12(d) to allow consideration of Plaintiff's attached exhibits as matters outside of the pleadings, cf. Murphy, supra, 946 F. Supp. at 1115-16, and this Court declines to do so.  While these exhibits may be admissible later in this case, they are not the type of documents that should be incorporated with a Complaint to be effectively part of Kidder's allegations.

These exhibits also are evidentiary and not appropriate for inclusion with a Complaint.  Some of these exhibits are no longer relevant; for example, the wedding announcement of Dennis and Donna Hanes (cf. Docket No. 23, Am. Compl. Ex. C) now is less relevant with Donna Hanes no longer a Defendant here.

Thus, the exhibits attached to the Amended Complaint are stricken and Dennis' Motion to Strike (Docket No. 24) these exhibits is granted.

E.  Dismissal in Part Here is Without Prejudice

The next question is whether dismissal of claims alleged herein should be with prejudice given Plaintiff's failed attempt to amend.

Since the Allegany State Park claims (what Kidder now considers to be his extant claims) remain, dismissal of Kidder's other New York battery claims is without prejudice. Kidder again is given the opportunity to further amend the Amended Complaint.  Dennis does not object to filing a Second Amended Complaint (see Docket No. 27, Def. Reply Memo. at 1-2, 4 (alternatively urging Second Amended Complaint)).  A Second Amended Complaint here should eliminate the immaterial and impertinent allegations, non-written

instrument exhibits, and most of the references to Pennsylvania.  Kidder also may allege in this Second Amended Complaint facts for the remaining New York claims aside from the Allegany State Park incident.  Kidder also may allege as background the April 1972 first incident in Pennsylvania (Docket No. 23, Am. Compl. ¶¶ 29-38), see 5C Federal Practice and Procedure, supra, § 1382, at 461-62 & n.47, but this and subsequent assaults in Pennsylvania remain time barred and are not actionable in this case.  The Second Amended Complaint must clearly allege the timely New York assault claims Kidder now alleges, including expressly restricting his claims to the Allegany State Park incident.  Thus, Kidder is granted leave again to amend his Complaint.

Kidder, therefore, has 21 days from entry of this Decision to file his Second Amended Complaint.  Once Kidder files and serves his Second Amended Complaint, Dennis may answer or move against it within 14 days of service of the amended pleading.  Case v. Anderson, No. 16 Civ. 983, 2017 WL 3701863, at *29, 30 (S.D.N.Y. Aug. 25, 2017); Kidder, supra, 2023 WL 361200, at *10.

If, however, Kidder does not amend the Amended Complaint, this case will proceed only upon his Allegany State Park allegations with the remaining New York and Pennsylvania allegations dismissed and extraneous allegations and exhibits stricken.

## IV.    Conclusion

In his Amended Complaint, Plaintiff Jeffrey Kidder repeats his claims of being sexually abused by Defendant Dennis Hanes in New York State and Pennsylvania for over two years during Kidder's youth.  Despite being granted leave to amend to exclude time barred Pennsylvania incidents and to amplify allegations of his New York State incidents, Kidder, supra, 2023 WL 361200, at *10, 11, Kidder instead restates his original

allegations in his Amended Complaint without specifying his New York attacks.   This defies this Court's Decision.   Kidder now argues that his sole New York claim arose from the Allegany State Park incident by actual pleading notwithstanding.

Kidder also alleges immaterial and impertinent matters alleging events after his New York assaults (Docket No. 23, Am. Compl. ¶¶ 48-65).   He attaches for incorporation exhibits documents and photographs that are not "written instruments" under Rule 10(c). As a result, Dennis Hanes' Motion to Strike (Docket No. 24) these allegations and exhibits from the Amended Complaint is granted.

Dennis' Motion to Dismiss (id.) dismissing the action is granted in part, renewing dismissal of Kidder's Pennsylvania claims, and dismissing his New York claims (without prejudice) save his allegations from the assault alleged in Allegany State Park.

Plaintiff again is granted leave to further amend his Complaint as instructed in this Decision, by eliminating the immaterial and impertinent allegations and the exhibits and most references to Pennsylvania assaults.   Kidder may amplify his remaining New York assault claims by alleging the facts of these incidents.   Plaintiff has 21 days from entry of this Decision to file and serve his amendment; Dennis Hanes then shall answer or otherwise respond to the Second Amended Complaint within 14 days of service of the Second Amended Complaint.   If Kidder does not amend his pleading again, this case will proceed addressing only his Allegany State Park assault allegations.

## V.   Orders

IT HEREBY IS ORDERED, that Defendant Dennis Hanes' Motion to Strike (Docket No. 24) immaterial and impertinent allegations and the exhibits attached to the Amended Complaint is GRANTED.

25

FURTHER, that Defendant's Motion to Dismiss (id.) is GRANTED IN PART, with New York State claims dismissed without prejudice, but DENIED IN PART for his remaining Allegany State Park claim.

FURTHER, that Plaintiff may file a Second Amended Complaint asserting only New York battery claims by Defendant Dennis Hanes (as described in this Decision) within 21 days of the entry of this Order and Dennis Hanes then shall answer or otherwise respond within 14 days of service of the Second Amended Complaint.

SO ORDERED.

Dated:      April 18, 2023
            Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge